**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rolando Francisco Ayala De La Rosa,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-05764-PHX-DWL

**ORDER**

This is a habeas corpus action under 28 U.S.C. § 2241 in which *pro se* Petitioner challenges the legality of his immigration detention. Petitioner filed his petition on August 17, 2026 and Respondents filed a timely response on August 27, 2026. (Docs. 1, 6.) Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) because he was previously convicted of a possession of a controlled substance offense and that any *Zadvydas* claim is unavailing because Petitioner's removal order had not yet, as of the date the petition was filed, become final. (Doc. 6.)

The merits of the § 2241 petition will be addressed in due course. This order addresses three motions that Petitioner has filed since Respondents filed their response. First, on September 21, 2026, Petitioner filed a motion for immediate release, which is premised on the notion that this Court entered an order on August 20, 2026 that "explicitly commanded Respondent to provide Petitioner a bond redetermination hearing within seven days" and Respondents thereafter failed to do so. (Doc. 7.) This motion fails because the Court did not enter any such order—the orders issued on August 20, 2026 merely required

Respondents to file a response to the habeas petition. (Docs. 3, 4.)

Second, on October 5, 2026, Petitioner filed a "motion for decision." (Doc. 8.) The motion asserts that Petitioner "filed a reply to the Respondents' answer to my Petition For A Writ of Habeas Corpus" on September 11, 2026 and that "[t]he court order[ed] a bond redetermination hearing." (*Id.* at 2.) These statements are puzzling because the docket does not reflect that Petitioner ever filed a reply and, as discussed above, the Court has never ordered a bond hearing. At any rate, the Court will rule on the merits of the habeas petition in due course.

Third, on October 13, 2026, Petitioner filed another "motion for decision." (Doc. 9.) Here, Petitioner argues that the Court should deem his § 2241 petition unopposed and grant it on that basis because Respondents never filed a response. (*Id.*) This argument fails because, as discussed above, Respondents did file a timely response on August 27, 2026.

Accordingly,

**IT IS ORDERED** that Petitioner's motions (Docs. 7, 8, 9) are **denied**.

Dated this 14th day of October, 2026.

Dominic W. Lanza
United States District Judge